# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.** |
| v. | **VIOLATION:** |
| | 18 U.S.C. § 1349 |
| **STEPHANIE LYNNETTE PAYLOR,** | (Conspiracy to Commit Wire Fraud) |
| also known as "Stephanie Minick," | |
| | 18 U.S.C. § 981(a)(1)(C), |
| Defendant. | 28 U.S.C. § 2461(c) |
| | (Criminal Forfeiture) |

## INFORMATION

The United States Attorney charges:

At all times material to this Information:

## INTRODUCTION

1. Defendant STEPHANIE LYNNETTE PAYLOR, also known as Stephanie Minick, ("PAYLOR") resided in Maryland.

2. MELANIE JAMES ("JAMES") resided in Maryland.

3. The Department of Homeland Security – Cybersecurity and Infrastructure Security Agency ("DHS-CISA") was an agency of the United States Government headquartered in Washington, D.C., with offices in Virginia and Maryland, out of which PAYLOR and JAMES worked until March 2020, when they transitioned to full-time remote work from their residences in Maryland up and until 2025.

4. Contractors 1, 2, 3, 4, 5, 6, 7 and 8 were United States-based companies in the business of contracting to provide services to the federal government, including in the area of human resources.

5. JAMES worked for DHS-CISA and Contractors 1, 2, 3 and 8 from 2019 through 2024.

6. PAYLOR worked for DHS-CISA, where she supervised JAMES at various points in time. PAYLOR also worked for Contractors 1-8 and often overlapped for substantial periods with JAMES.

7. At all relevant time periods, DHS-CISA as well as virtually all contractors among Contractors 1-8 had electronic timekeeping systems in which their employers would certify the number of hours they worked per day and submit their timesheets, causing DHS-CISA and Contractors 1-8 to pay their employees/contractors for that particular pay period based on that submission of hours worked by each employee/contractor. Those companies would then invoice their federal clients for the hours their employees and contractors worked on the particular contract, causing the government to pay Contractors 1-8.

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

8. Paragraphs 1 through 7 are re-alleged and incorporated herein.

9. From in or about May 2021 through in or about July 2024, in the District of Columbia and elsewhere, PAYLOR and JAMES knowingly and willfully conspired and agreed with one another to commit wire fraud by engaging in a scheme to defraud the United States government by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing and attempting to execute the scheme to defraud, did knowingly cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds.

### Purpose of the Conspiracy

10. It was the purpose of the conspiracy to enrich both PAYLOR and JAMES by finding outside employment from which they could simultaneously obtain income in addition to their federal, General Schedule-based salaries each earned from DHS-CISA– that is, to obtain pay for

hours double-billed to multiple positions, that is, for hours not worked exclusively as submitted/claimed. It was also the purpose of the conspiracy to keep their holding of multiple positions at DHS-CISA and different contractors secret and to prevent DHS-CISA and each of the contractors for which they worked from learning that they were working multiple jobs and earning multiple salaries at once.

Manner and Means of the Conspiracy and Scheme to Defraud

11. The manner and means by which PAYLOR and JAMES sought to accomplish the goal of the conspiracy included, among others, the following:

12. Obtaining multiple, full-time contractor positions that would be worked simultaneously with full-time positions with DHS-CISA, causing the U.S. government to be billed for hours that they did not work.

13. Referring each other to government contractors when they identified open positions which were suited to their skill sets – namely those related to human resources, applying for positions themselves, and using one another as references.

14. Covering for one another when scheduling conflicts arose between the multiple positions and ensuring that each contractor and DHS-CISA would not suspect either of them of having multiple different contracting positions.

15. Purchasing and using "mouse jigglers," devices that plug into one's computer and simulate mouse movement, to make it appear as though the user is actively on his or her computer, such that they would appear to be active on their computers.

16. Holding at least one contracting position in addition to their service at DHS-CISA.

17. Submitting false timesheets in connection with their employment at DHS-CISA as well as the different federal contractors, certifying that they worked for each position, between eight to ten hours per day.

18. Representing that they were working certain of the same hours at multiple jobs (i.e., double-billing the same hours), that is, for hours not worked exclusively as submitted/claimed, including falsely representing that each of them (at times) was working in excess of 24 hours per day.

**(Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349)**

### NOTICE OF FORFEITURE

Upon conviction of the offense alleged in Count One of this Information, conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349, the defendant **STEPHANIE LYNNETTE PAYLOR** shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

The United States will also seek the forfeiture of the following specific property:

- $192,931.27 in net proceeds that were seized from the 2025 sale of real property on Tideworth Terrace in Upper Marlboro, MD (CATS ID 25-FBI-4366);

- $93,367.97 in net proceeds that were seized from the 2025 sale of real property on King Patrick Way in Upper Marlboro, MD (CATS ID 25-FBI-004334).

### Money Judgment

The United States also will seek a forfeiture money judgment against the defendant in the amount of $1,037,946.12.

**Substitute Assets**

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

Date: Nov. 10, 2025    By:    */s/ Will Hart & Kondi Kleinman*
WILL HART, D.C. Bar No. 1029325
KONDI KLEINMAN, California Bar No. 241277
Assistant United States Attorneys
Fraud, Public Corruption & Civil Rights Section
United States Attorney's Office for the District of Columbia
601 D St. NW | Washington, D.C. 20530
202-252-7877 | William.Hart@usdoj.gov
202-252-6887 | Kondi.Kleinman2@usdoj.gov